UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**

**SEP 2 8 2005**

CLERK

| | | |
|---|---|---|
| RUBY WILLOW KILLS REE, | ) | CIV. 04-5119 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JOANNE B. BARNHART, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Ruby Willow Kills Ree (the Claimant) seeks judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) partially granting the Claimant's application for disability benefits [doc. #15]. The Claimant requests the Court remand this matter to the Commissioner.

## I. PROCEDURAL HISTORY

The Claimant has filed five applications for Supplemental Security Income (SSI) benefits. The Claimant filed her first application seeking benefits on January 28, 1988. This claim was denied on February 5, 1988. The Claimant took no further action as to the first application. The second application was filed on February 24, 1993. Similarly, this application was denied and the Claimant took no further action. The Claimant's third application was filed on September 11, 1995. This application ultimately was denied by an Administrative Law Judge ("ALJ"), and the Claimant did not seek federal court review.

The Claimant filed a fourth application on January 28, 1999, claiming disability based on female problems with her uterus, cholecystectomy, and diabetes. ALJ Patrick Augustine

("ALJ Augustine") conducted a hearing on the application on February 18, 2000. ALJ Augustine denied the claim on May 4, 2000. In denying the Claimant's fourth application, ALJ Augustine also refused to reopen the Claimant's 1988, 1993, and 1995 applications, noting these decision were not appealed and were considered final. On April 3, 2002, an Appeals Council with the Social Security Administration ("SSA") denied the Claimant's request for review of the fourth application, making ALJ Augustine's decision the final decision of the Commissioner.

The Claimant filed suit in this Court on May 30, 2002 (Case No. 02-5044), seeking reversal of the Commissioner's decision denying her fourth application. In the interim after denial of the fourth application and before suit was filed in this Court, the Claimant filed a fifth application seeking benefits. On September 10, 2002, ALJ Lloyd Hartford ("ALJ Hartford") decided in favor of the Claimant. ALJ Hartford found the Claimant established that she met the listing criteria contained in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.05. ALJ Hartford awarded the Claimant SSI benefits beginning on April 11, 2001, the date the Claimant filed the fifth application.

As to the lawsuit on the fourth application, the Claimant requested the Court determine she was disabled since the date of her first application in 1988. The Court concluded 1) the Claimant had failed to show she had a listed disability; 2) the evidence was insufficient to show the Claimant had the reasoning, mathematical, or language skills to perform jobs as a surveillance-system monitor or a sorter-pricer; 3) ALJ Augustine failed to state any rationale to support the finding that no good cause existed to reopen the prior applications; and 4) ALJ Hartford's decision on the fifth application did not constitute new and material evidence with

2

regard to the Claimant's fourth application. The Court remanded the matter, directing the ALJ to consider 1) whether the Claimant's mental capabilities would allow her adequately to meet the requirements of the specific job classifications, and 2) the Claimant's mental capacity to pursue appeals on her prior applications with regard to the factors listed in Social Security Ruling ("SSR") 91-5p.

On remand, a ALJ James Olson ("ALJ Olson") issued a partially favorable decision on October 30, 2003, finding the Claimant had several severe impairments–diabetes, arthritis, reactive airway disease, adjustment disorder with depressed mood, and borderline intellectual functioning. ALJ Olson thus found the Claimant was disabled under the Social Security Act, beginning on March 30, 1999, and continuing until through date of the decision, October 30, 2003. Also, ALJ Olson assessed the Claimant's mental capacity to pursue prior appeals, with regard to the SSR 91-5p factors, and concluded there existed no just cause and no basis to reopen the Claimant's prior applications. The Appeals Council declined jurisdiction on November 1, 2004.

The Claimant has again sought relief in this Court. The Claimant requests a ruling from the Court that 1) ALJ Olson erred in finding the Claimant did not meet the SSR 91-5p criteria, 2) the ALJ erred in failing to apply the sequential evaluation to the period from January 28, 1999, to March 30, 1999; and 3) overwhelming evidence supports a finding of disability commencing in January 1999, when she filed the fourth application for benefits.

## IV. STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995).

3

"Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). To determine whether existing evidence is substantial, the Court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). A reviewing court may not reverse the decision of the Commissioner simply because substantial evidence exists in the record to support a contrary outcome. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). If the ALJ's decision is supported by substantial evidence, this Court may not reverse the decision of the ALJ even if the Court would have decided the case differently. See Smith v. Shalala, 987 F.2d 1371,1374 (8th Cir.1993).

## V. DISCUSSION

Initially, the Court will address the Claimant's argument that ALJ Olson erred in concluding she was entitled to benefits starting on March 30, 1999, rather than January 28, 1999. The Commissioner concedes the Claimant was entitled to receive SSI benefits as of January 28, 1999, the date of the fourth application, rather than March 30, 1999. The Court finds substantial evidence in the record supports this conclusion. Accordingly, the Court will remand this matter to the Social Security Administration for a determination that the Claimant's disability commenced on January 28, 1999.

The Claimant also seeks a ruling that, after this Court's earlier remand, the ALJ erred in finding the Claimant could not meet the SSR 91-5p criteria. The Court's jurisdiction to review the Commissioner's decisions concerning disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a "final decision of the Secretary made after a

4

hearing." Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995) (quoting 42 U.S.C. § 405(g)). The Court "may also review the [Commissioner's] decision if the plaintiff alleges a colorable claim of unconstitutionality," which is a "narrow exception" to section 405(g). Id. at 351-52. "Absent a colorable constitutional challenge, federal courts generally do not have jurisdiction to review refusals to reopen claims for disability benefits." King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996). "The Commissioner's decision not to reopen a prior determination is not a final decision for the purposes of § 405(g), and thus is generally unreviewable even if there was a hearing in the case." Byam v. Barnhart, 336 F.3d 172, 180 (2d Cir. 2003). "Nevertheless, federal courts may review the Commissioner's decision not to reopen a disability application in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process." Id. The Claimant in this case argues she was denied due process.

The Claimant contends she was denied due process because ALJ Olson conducted only half the analysis required of him, to wit: under SSR 91-5p, ALJ Olson was required to make findings regarding both the Claimant's ability to understand and her ability to act to seek review of the prior denials of her SSI applications. Accordingly, the Claimant seeks remand of this matter with directions that the ALJ make findings regarding not only the Claimant's cognitive ability, but also her ability to act.

In an effort to clarify their policy on establishing good cause for missing the deadline to request review and to avoid the improper application of res judicata or administrative finality when a claimant may lack the mental capacity to understand the procedure for

5

requesting review, the Social Security Administration propounded SSR 91-5p. SSR 91-5p provides as follows:

> The claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review.
> In determining whether a claimant lacked the mental capacity to understand the procedures for requesting review, the adjudicator must consider the following factors as they existed at the time of the prior administrative action:
> --inability to read or write;
> --lack of facility with the English language;
> --limited education;
> --any mental or physical condition which limits the claimant's ability to do things for him/herself.

Social Security Ruling 91-5p, 1991 WL 208067, at *2 (S.S.A. July 1, 1991).

ALJ Olson, following the Court's prior remand with directions to consider the SSR 91-5p criteria, found the Claimant was able to baby-sit her three grandchildren for her daughter. ALJ Olson found the Claimant was able to complete forms. The Claimant told E. Dean Schroeder, Ed.D., that she was working on her General Educational Development certificate. The Claimant reported she handles her own money. The Claimant's daughter reported the Claimant reads a lot. The daughter also reported the Claimant reacts normally to stressful situations, adjusts to changes adequately, adjusts to situations "on a normal basis," responds well to supervision, and takes care of her own medication. Finally, the daughter reported the Claimant was able to concentrate and maintain attention. ALJ Olson examined this evidence in light of the criteria listed in SSR 91-5p, concluding there was no basis to support a right to reopen the Claimant's application.

The Court concludes ALJ Olson correctly applied and analyzed SSR 91-5p, even though ALJ Olson did not address expressly all the factors listed. The above-cited evidence

shows a cognitive process and ability to act thereupon. ALJ Olson cited and acknowledged SSR 91-5p in conducting his analysis about reopening the prior applications, which indicates his analysis was conducted with the factors in mind. ALJ Olson's analysis, though couched in terms of whether the Claimant could "understand" her rights, also made findings regarding the Claimant's ability to "act," and these findings satisfy the SSR 91-5p factors.

Further, the Eighth Circuit has not held the ALJ is required methodically to make express findings as to all the SSR 91-5p factors, and the Court does not believe such would be required, given the Eighth Circuit's rulings in analogous situations. For example, in analyzing whether a district court was required to discuss every Polaski factor (to analyze a claimant's subjective complaints of pain), the Eighth Circuit observed:

> Although the ALJ did not explicitly discuss each *Polaski* factor in a methodical fashion, he acknowledged and considered those factors before discounting Brown's subjective complaints of pain. What we said in an earlier case is applicable here: "An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably had no practical effect on the outcome of the case."

Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) (quoting Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987)).

On the other hand, the Second Circuit, in Byam, held the district court erred when it "failed to make the further inquiry . . . into whether the claimant could 'act upon notice.'" Byam, 336 F.3d at 182 (citation omitted). However, part of the district court's error was that it "relied upon evaluations that assessed Byam's mental state in the context of her employability, rather than of her ability to act upon legal notice," because the ALJ "never engaged in any fact-finding or analysis" into whether the claimant was too impaired to comprehend the notice

she received. Id. The court remanded the matter directly to the SSA for hearing and fact-finding regarding mental impairment under SSR 91-5p.

In the instant case, ALJ Olson considered SSR 91-5p before concluding no good cause and no basis existed to reopen the Claimant's prior applications. Any alleged deficiency in the opinion here is not a sufficient reason to set aside ALJ Olson's findings, which support the conclusion the Claimant's mental capacity and ability to act were sufficient and the prior claims should not be reopened. Even the Second Circuit, in Byam, admitted, "a claimant's argument that she was so impaired as to be unable to pursue administrative remedies requires more than a 'generalized allegation' of confusion; it requires a 'particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension.'" Byam, 336 F.3d at 182 (citation omitted). The Claimant has presented nothing more than just such a generalized allegation.

The Claimant received due process in the instant case. ALJ Olson considered the SSR 91-5p factors in concluding there was no basis and no good cause to reopen the previous decisions. "[D]ue process does not guarantee a favorable result, only procedures reasonably calculated to afford claimants a meaningful opportunity to be heard," which the Claimant received in this case. Boock, 48 F.3d at 353 n.8. Accordingly, even assuming the Claimant's due process claim "were considered to be minimally colorable, it is clearly without merit." Id. at 352.

## VI. CONCLUSION

ALJ Olson erred in concluding the Claimant was entitled to benefits starting on March 30, 1999, rather than January 28, 1999, and the Commissioner concedes this error. Thus, the

Court will remand this matter to the Social Security Administration for a determination that the Claimant's disability commenced on January 28, 1999. Further, ALJ Olson did not err, after reviewing SSR 91-5p, in concluding there was no basis to reopen the Claimant's prior applications. The motion seeking remand for further consideration under SSR 91-5p will be denied. Accordingly, it is hereby

ORDERED that Ruby Willow Kills Ree's motion to remand this matter to the Social Security Administration [doc. #15] is GRANTED in part and DENIED in part, as set forth in this opinion.

Dated this 28th day of September, 2005.

BY THE COURT:

_____
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE